# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA REITZI, individually and on behalf of all persons similarly situated, | : CIVIL ACTION NO. 1:21-CV-1514 |
| | : |
| | : (Judge Conner) |
| | : |
| **Plaintiff** | : |
| | : |
| v. | : |
| | : |
| VANS EXPRESS, INC., and DHL EXPRESS (USA) INC., d/b/a DHL EXPRESS, | : |
| | : |
| | : |
| | : |
| **Defendants** | : |

## **ORDER**

AND NOW, this 19th day of April, 2022, upon consideration of plaintiff's unopposed motion (Doc. 37) for approval of the parties' settlement agreement in the above-captioned collective action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the court observing that, in the absence of guidance from our court of appeals, district courts within the Third Circuit have adopted the approach of the majority of federal courts to hold that *bona fide* FLSA disputes over unpaid wages may be settled or compromised only through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of the proposed settlement, and have typically employed the considerations set forth by the Eleventh Circuit Court of Appeals in Lynn's Food Stores, Inc. v. United States *ex rel.* U.S. Dep't of Labor, 679 F.2d 1350, 1354-55 (11th

Cir. 1982),[1] *viz.*, that a proposed settlement will merit judicial approval if it is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," see Lynn's Food Stores, 679 F.2d at 1355, which requires the court to consider whether the agreement resolves a *bona fide* dispute, whether it is fair and reasonable to the plaintiff employees, and whether it furthers or "impermissibly frustrates" implementation of the FLSA in the workplace, see Potoski, 2020 WL 207061, at *2; Waltz, 2017 WL 2907217, at *2; Kraus, 155 F. Supp. 3d at 522; Bettger, 2015 WL 279754, at *4, and the court, having reviewed the parties' proposed settlement agreement, (see Doc. 37-2), concluding that the agreement resolves a *bona fide* dispute, see Lynn's Food Stores, 679 F.2d at 1354; Waltz, 2017 WL 2907217, *2; Kraus, 155 F. Supp. 3d at 530; that it is a fair and reasonable compromise of that

---

[1] See, e.g., Solkoff v. Pa. State Univ., 435 F. Supp. 3d 646, 652 (E.D. Pa. 2020) (citing Howard v. Phila. Hous. Auth., 197 F. Supp. 3d 773, 776 (E.D. Pa. 2016)); Kraus v. PA Fit II, LLC, 155 F. Supp. 3d 516, 522 (E.D. Pa. 2016) (citing Adams v. Bayview Asset Mgmt., LLC, 11 F. Supp. 3d 474, 476 (E.D. Pa. 2014)); Potoski v. Wyoming Valley Health Care Sys., No. 3:11-CV-582, 2020 WL 207061, at *2 (M.D. Pa. Jan. 14, 2020) (citing Bettger v. Crossmark, Inc., No. 1:13-CV-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015)); Waltz v. Aveda Transp. & Energy Servs. Inc., No. 4:16-CV-469, 2017 WL 2907217, at *2 n.13 (M.D. Pa. July 7, 2017) (collecting cases); Green v. Ventnor Beauty Supply, Inc., No. 1:18-CV-15673, 2019 WL 2099821, at *1 (D.N.J. May 14, 2019) (same); see also Lynn's Food Stores, Inc. v. United States *ex rel.* U.S. Dep't of Labor, 679 F.2d 1350, 1354-55 (11th Cir. 1982); Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015); Walton v. United Consumers Club, Inc., 786 F.2d 303, 305-07 (7th Cir. 1986); but see Martin v. Spring Break '83 Prods., L.L.C., 688 F.3d 247, 256 (5th Cir. 2012).

2

dispute when viewed through the prism of the applicable <u>Girsh</u> factors,[2] <u>see,</u>

<u>e.g.</u>, <u>Potoski</u>, 2020 WL 207061, at *3-4 (applying factors outlined in <u>Girsh</u> to FLSA

settlement); <u>Bettger</u>, 2015 WL 279754, at *7 (same); that the release-of-claims

provision, as to the settlement collective, is narrowly drawn so as to not frustrate

the objectives of the FLSA, <u>see, e.g.</u>, <u>Bettger</u>, 2015 WL 279754, at *8 (collecting cases

as to release of claims); and that the proposed award of attorneys' fees and costs is

reasonable, <u>see</u> <u>Kraus</u>, 155 F. Supp. at 534 (noting "courts have approved attorneys'

fees in FLSA settlement agreements 'from roughly 20-45%' of the settlement fund"

(quoting <u>Mabry v. Hildenbrandt</u>, No. 14-5525, 2015 WL 5025810, at *4 (E.D. Pa. Aug.

24, 2015) (collecting cases))), but the court further finding that the separate release-

of-claims provision as to plaintiff Patricia Reitzi is impermissibly overbroad, in that

it purports to release *any* claims Reitzi may have against defendants, whether or

not related to the instant wage-and-hour litigation, (<u>see</u> Doc. 37-2 ¶ 10(s) (defining

"Reitzi Released Claims" to include, *inter alia*, any existing civil rights, contract,

---

[2] Under <u>Girsh v. Jepson</u>, 521 F.2d 153 (3d Cir. 1975), courts examine:

> (1) the complexity, expense[,] and likely duration
> of the litigation; (2) the reaction of the class to the
> settlement; (3) the stage of the proceedings and the
> amount of discovery completed; (4) the risks of
> establishing liability; (5) the risks of establishing damages;
> (6) the risks of maintaining the class action through the
> trial; (7) the ability of the defendants to withstand a
> greater judgement; (8) the range of reasonableness of the
> settlement fund in light of the best possible recovery;
> [and] (9) the range of reasonableness of the settlement
> fund to a possible recovery in light of all the attendant
> risks of litigation.

<u>Girsh</u>, 521 F.2d at 156-57 (citation omitted).

and tort claims)), and the court having previously held that such all-encompassing

general releases frustrate implementation of the FLSA, see Atherton v. Target, No.

1:19-CV-1093, Doc. 17 at 12-15 (M.D. Pa. Feb. 7, 2020) (Conner, J.) (collecting cases),

and the court observing that the parties' settlement agreement contemplates follow-

up negotiations and resubmitting a revised settlement agreement in the event of

nonapproval, (see Doc. 37-2 ¶ 29), it is hereby ORDERED that:

1.  The motion (Doc. 37) for approval of collective-action settlement
    is DENIED to the extent the court finds the proposed settlement's
    release-of-claims provision as to plaintiff Patricia Reitzi is overbroad
    and impermissibly frustrates the purposes of the FLSA.

2.  The court declines to approve the proposed settlement agreement in
    its current form.

3.  The parties shall engage in follow-up negotiations with the intent of
    resolving the court's concerns and, on or before **May 19, 2022**, shall
    either file a renewed motion and revised settlement agreement for the
    court's review or shall notify the court by letter on the docket whether
    the parties require additional time for follow-up negotiations or
    whether a telephonic conference is needed to schedule further
    proceedings in this case.  (See Doc. 37-2 ¶ 29).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania