# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICIA REITZI, individually and on behalf of all persons similarly situated,** | Civil Action No. 1:21-cv-01514-CCC |
| **Plaintiff,** | |
| **v.** | |
| **VANS EXPRESS, INC. and DHL EXPRESS (USA) INC. d.b.a. DHL EXPRESS,** | |
| **Defendants.** | |

## FLSA COLLECTIVE ACTION SETTLEMENT AGREEMENT

1.      This FLSA Collective Action Settlement Agreement (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Patricia Reitzi ("Reitzi" or "Plaintiff"), individually and on behalf the Settlement Collective (defined below), and Defendants Vans Express, Inc. ("Vans") and DHL Express (USA) Inc. d.b.a. DHL Express ("DHL") (together, "Defendants"), subject to the approval of the Court. Plaintiff and Defendants may be referred to together as the "Parties."

## RECITALS AND BACKGROUND

2.      Plaintiff filed this action against Defendants in the United States District Court for the Middle District of Pennsylvania on September 2, 2021, alleging overtime claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and Pennsylvania state law.

3.      The Parties then discussed a potential early resolution of the action and submitted a Stipulation and Proposed Order to Stay the Case Pending ADR and Tolling, which the Court granted. (Dkt. No. 28.).

4.      On January 10, 2022, the Parties participated in a full day mediation session before experienced mediator, Honorable Diane M. Welsh, United States Magistrate Judge (Ret.). At the conclusion of the mediation, the Parties agreed to settle Plaintiff's the Settlement Collective Members' claims according to the terms of this Settlement Agreement.

5.      Plaintiff's Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in this lawsuit. In agreeing to this Settlement Agreement, Plaintiff has considered: (a) the facts developed during the litigation and negotiation process and the law applicable thereto; (b) the risks of continued litigation; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Plaintiff has concluded that the terms of this Settlement Agreement are fair and reasonable, and that it is in the best interests of Plaintiff and the Settlement Collective to settle their claims against Defendants as set forth herein.

7.     Defendants deny the allegations in this lawsuit and that they misclassified any Settlement Collective Members, deny any liability for the alleged failure to pay overtime compensation, and DHL denies that it is or was the employer or joint employer of any of the Settlement Collective Members. Defendants are entering this Agreement to eliminate the burden, risk, and expense of further litigation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants of any fault, liability, or wrongdoing, which Defendants expressly deny.

8.     The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) are met with respect to the Settlement Collective Members as defined below.

9.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows.

## <u>DEFINITIONS</u>

10.     The following terms used in this Agreement have the following meanings:

a.     "Action" means the above-captioned lawsuit.

b.     "Approval Order" means the Order approving the terms and conditions of this Agreement, as may be modified by the Court.

c.     "Court" means the United States District Court for the District of Middle District of Pennsylvania.

d.     "Defendants" means Vans Express, Inc. and DHL Express (USA) Inc. d.b.a. DHL Express.

e.     "Defendants' Counsel" means Seyfarth Shaw, LLP and Haneline Pryatel Law.

f.     "Gross Settlement Amount" means the sum of Six Hundred and Fifty Thousand Dollars and Zero Cents ($650,000.00), which shall be the maximum amount Vans shall pay to settle this Action as set forth herein. The Gross Settlement Amount is exclusive of Defendants' attorneys' fees and costs and Vans' share of any payroll taxes attributable to the Settlement Awards.

g.     "Named Plaintiff" or "Plaintiff" means Patricia Reitzi.

h.     "Net Settlement Amount" means the Gross Settlement Amount less: (i) Seven Thousand Five Hundred Dollars ($7,500) to Plaintiff Reitzi for her efforts in bringing and prosecuting this matter and for her broader release of wage and hour claims in favor of Defendants ("Service Award"); (ii) settlement administration costs not to exceed $10,000; and (iii) Plaintiff's Counsel's attorneys' fees in the amount of one-third (1/3) of the Gross Settlement Amount, plus Plaintiff's Counsel's out-of-pocket costs that are currently estimated to be $5,270.76, and which are not expected to exceed $7,500.00 following settlement administration. All of these amounts

are subject to the Court's approval.

       i.      "Operative Complaint" means the First Amended Collective Action Complaint that Plaintiff shall file prior to filing the Settlement Approval papers.

       j.      "Parties" means Plaintiff and Defendants.

       k.      "Plaintiff's Counsel" means Berger Montague PC.

       l.      "Released Parties" means Defendants and their parent companies, subsidiaries, affiliates, business units, members, shareholders, and its predecessors and successors, officers, directors, agents, employees, and assigns.

       m.      "Relevant Time Period" means September 2, 2018 to January 10, 2022.

       n.      "Settlement Administrator" means CPT Group, subject to Court approval.

       o.      "Settlement Administrator Fees" means the amount to be paid to the Settlement Administrator for any fees and costs incurred with administering the Settlement pursuant to the terms and conditions herein, which shall not exceed $10,000.

       p.      "Settlement Award" means the payment that each Settlement Collective Member shall be entitled to receive pursuant to the terms of this Agreement.

       q.      "Settlement Collective Members" means all current and former delivery drivers or couriers operating vehicles weighing less than 10,000 pounds who were paid by Vans to deliver packages pursuant to Vans' agreement with DHL in the United States between September 2, 2018 and January 10, 2022. There are approximately 340 members of the Settlement Collective.

       r.      "Settlement Collective Released Claims" means for the time period from September 2, 2018 to January 10, 2022, all legal or equitable claims (including, but not limited to, claims for reimbursement of unpaid overtime wages, liquidated damages, interest, penalties, attorneys' fees and litigation costs and expenses) asserted in or reasonably related to the allegations in the Operative Complaint, including without limitation all such claims for unpaid regular or overtime wages brought pursuant to the FLSA or any other federal, state, or local statute, regulation, rule, or common law theory. Defendants agree that this Settlement Agreement may not be used to assert collateral estoppel, *res judicata*, waiver or any other claim preclusion of FLSA claims with respect to individuals who did not specifically release those FLSA claims; however, Defendants do not waive the right to assert other defenses to those claims regarding timeliness, scope and/or applicability of exemptions.

       s.      "Reitzi Released Claims" means that Plaintiff Reitzi shall be deemed to have released and forever discharged Releasees from any and all Settlement Collective Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, or any claim for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal,

state or local human rights, civil rights, wage-hour, whistleblower, pension, or labor laws, rules or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract, contract, or tort laws, or any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees, based upon any conduct occurring through the date of execution of this Agreement.

## SETTLEMENT APPROVAL

11.     Plaintiff shall file an Unopposed Motion to Approve Settlement with the Court within fourteen (14) days following the execution of this Settlement Agreement, attaching a copy of this Agreement.

12.     The Motion to Approval Settlement will request that the Court approve the Settlement in a one-stage approval process and dismiss the action with prejudice.

## SETTLEMENT FUNDS, CALCULATION, AND DISTRIBUTION

13.     Within ten (10) days after the Approval Order, Vans will provide to the Settlement Administrator and Plaintiff's Counsel the Settlement Collective List, which shall include for each Settlement Collective Member de-anonymized payroll data, their last known mailing and email addresses, last known telephone numbers, and social security numbers. The Settlement Administrator will make reasonable efforts to obtain valid, current addresses for Settlement Collective Members through the national change of address database.

14.     Within ten (10) days of the Approval Order, the Settlement Administrator shall establish a Qualified Settlement Fund ("QSF").

15.     Within fifteen (15) days of the Approval Order, Vans shall electronically transfer the Gross Settlement Amount to the Settlement Administrator.

16.     Within fifteen (15) days of receipt of the Settlement Collective List, Plaintiff's Counsel shall provide Defendants' Counsel and the Settlement Administrator a final report of all Settlement Awards using the data provided by Vans.

17.     Subject to the Court's Approval Order, Plaintiff shall receive a Service Award of $7,500 for her efforts in bringing and prosecuting this matter and her broader release of wage and hour claims in favor of Defendants and shall be issued a Form 1099 for this payment, which shall be made by the Settlement Administrator within ten (10) business days after receipt of the Gross Settlement Amount.

18.     Subject to the Court's Approval Order, Plaintiff's Counsel shall receive attorneys' fees of one-third (1/3) of the Gross Settlement Amount, in compensation for all work performed to date as well as all work remaining to be performed in the Action, including but not limited to documenting the Settlement, ensuring it is fairly administered and implemented, and obtaining final dismissal of the Action. In addition, Plaintiff's Counsel shall receive reimbursement of their

out-of-pocket costs approved by the Court's Approval Order. The substance of Plaintiff's Counsel's request for attorneys' fees and costs is considered separately from the Court's consideration of fairness and reasonableness of the settlement of the Action, and the outcome of any decision the Court makes as to Plaintiffs' Counsel's request for attorneys' fees and costs shall not terminate this Settlement Agreement but shall in no instance impact the total amount of the Gross Settlement Amount.  Defendants agree not to oppose Plaintiffs' Counsel's request for attorneys' fees and costs. These payments of attorneys' fees and costs shall be made by the Settlement Administrator within ten (10) business days after receipt of the Gross Settlement Amount if the Court has approved Plaintiff's Counsel's attorneys' fees and costs request by that date.  If the Court has not approved Plaintiff's Counsel's attorneys' fees and costs request by that date, any award of costs and fees shall be paid within ten (10) days of the Court's entry of an award for Plaintiff's Counsel's attorneys' fees and costs.

19.     The Settlement Administrator shall mail Settlement Award checks within forty-five (45) days receiving the Gross Settlement Amount, or as soon as reasonably practicable. The Settlement Administrator shall then provide a written certification of such payments to counsel for the Parties within five (5) days after the mailing of the settlement awards.

20.     Settlement Awards to Settlement Collective Members shall be made from the Net Settlement Amount, and shall be calculated as follows:

    a.     The amount of $150 per Settlement Collective Member will be deducted from the Net Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each Settlement Collective Member so that each Settlement Collective Member receives at least $150 in exchange for their release in this Settlement Agreement.

    b.     In addition to the $150 payment set out in (a) above, Settlement Collective Members shall receive *a pro rata* portion of the Net Settlement Agreement as follows:

        i.     For each workweek during which the Settlement Collective Member recorded working more than 40 hours in one week during the Relevant Time Period, he or she shall receive one (1) settlement share.

        ii.    The total number of settlement shares for all Settlement Collective Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per-share dollar figure. That figure will then be multiplied by each Settlement Collective Member's number of settlement shares to determine the Settlement Collective Member's Settlement Award.

21.     The Settlement Awards shall be checks that contain a limited endorsement placed on the back of the check stating that by signing, depositing, and/or cashing the settlement check, the Settlement Collective Member agrees to opt-in to this collective action, defined by its caption as follows:

By depositing or cashing this check, I am opting into and affirm my release of Vans Express, Inc. and DHL Express (USA) Inc. d.b.a. DHL Express and all other Released Parties of my Released Claims as defined in the Settlement Agreement approved by the Court in *Reitzi v. Vans Express, Inc. and DHL Express (USA) Inc. d/b/a DHL Express*, No. 1:21-cv-01514 (M.D. Pa.). I affirm that I will not sue or assert any of the Released Claims, including FLSA claims, against any of the Released Parties.

22.　　For tax purposes, one-half of each Settlement Award shall be deemed payment of alleged unpaid wages, subject to all legally required garnishments, liens, wage withholding orders, regular withholding, and similar obligations, and reported on an IRS Form W-2. The remaining one-half of each Settlement Award shall be deemed compensation for interest and liquidated damages, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099.

23.　　All Settlement Award checks to Settlement Collective Members shall remain negotiable for 180 days from the date they are issued and shall be accompanied by a cover Notice when they are sent to Settlement Collective Members explaining as such. When 90 days of that 180-day check-cashing period has expired, the Settlement Administrator will mail and email a reminder letter to any Settlement Collective Members who have not yet cashed their checks to inform them of the 180-day deadline. During the last 60 days of the 180-day check-cashing period, the Settlement Administrator will call each Settlement Collective Members who have not yet cashed their checks to remind them to do so.

24.　　At any point during the 180-day check-cashing period, the Settlement Administrator shall have the authority to stop payment on a lost check and issue a new check to a Collective Member upon request.

25.　　In the event that there are any remaining funds attributable to uncashed Settlement Award checks that are not deposited or cashed within the 180-day period, these funds shall be returned to Vans in recognition of that fact that Defendants will not receive a release of claims unless the Settlement Collective Member cashes or deposits the Settlement Award.

## MISCELLANEOUS

26.　　**No Retaliation.** Defendants will not take any adverse action against any Settlement Collective Member on the grounds that he/she is eligible to participate or does participate in the Settlement. Defendants also will not discourage Settlement Collective Members from cashing their settlement awards.

27.　　**No Admission of Liability.** This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants of any fault, liability, or wrongdoing.

28.　　**Defendants' Legal Fees.** Defendants' legal fees and expenses in this Action shall be borne by Defendants.

29.　　**Effect of Non-Approval.** If the Court does not approve the Settlement as provided herein, the Parties agree to engage in follow-up negotiations with the intent of resolving the Court's

concerns that precluded approval, and, if feasible, to resubmit the settlement for approval within thirty (30) days. If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation. However, as provided herein, the substance of Plaintiff's Counsel's request for attorneys' fees and costs is considered separately from the Court's consideration of fairness and reasonableness of the settlement of the Action, and the outcome of any decision the Court makes as to Plaintiffs' Counsel's request for attorneys' fees and costs shall not terminate this Settlement Agreement.

30. **Computation of Time.** For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by Fed. R. Civ. P. 6(a)(6)), such time period shall be continued to the following business day.

31. **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

32. **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

33. **Entire Settlement Agreement.** This Agreement constitutes the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

34. **Authorization to Enter Into Settlement Agreement.** The Parties warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to affect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of a mediator to resolve such disagreement.

35. **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Plaintiff, Defendants, and the Settlement Collective Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

36.    **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile, email, and electronic signature. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

37.    **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's-length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel. The Parties agree to submit any irreconcilable conflicts regarding this Agreement to Judge Welsh.

38.    **Governing Law.** This Settlement Agreement shall be governed by and interpreted according to Pennsylvania law.

39.    **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:**    DocuSigned by:

_Patricia Reitzi_
E96D5D42475C457...

Patricia Reitzi

Date: 2/16/2022

**APPROVED AS TO FORM BY PLAINTIFF'S COUNSEL:**

DocuSigned by:

_Camille Fundora Rodriguez_
765F845DD3AA453...

Camille Fundora Rodriguez
Alexandra K. Piazza
Reginald Streater
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Date: 2/16/2022

**DEFENDANT:** *Vans Express Inc./Gary VanDenHaute*          Date: 02 / 15 / 2022

Vans Express, Inc.

**APPROVED AS TO FORM BY VANS' COUNSEL:**

*Cathryn R Ensign*          Date: 02 / 15 / 2022

Cathryn R. Ensign
Keith L. Pryatel
HANELINE PRYATEL LAW
561 Boston Mills Road, Suite 700
Hudson, Ohio 44236

**DEFENDANT:** *Erin Goldstein*          Date: 2/22/2022

DHL Express (USA) Inc. d.b.a. DHL Express

**APPROVED AS TO FORM BY DHL'S COUNSEL:**

*Linda C Schoonmaker*          Date: 2/16/2022

Linda C. Schoonmaker
Brian A. Wadsworth
SEYFARTH SHAW, LLP
700 Milam Street, Suite 1400
Houston, Texas 77002

9

Doc ID: f54d10b0004009b8

# <u>EXHIBIT A</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA REITZI, individually and on behalf of all persons similarly situated, | Civil Action No. 1:21-cv-01514-CCC |
| **Plaintiff,** | |
| v. | |
| VANS EXPRESS, INC. and DHL EXPRESS (USA) INC. d.b.a. DHL EXPRESS, | |
| **Defendants.** | |

## NOTICE OF COLLECTIVE ACTION AND SETTLEMENT AWARD CHECK

TO:   NAME
       ADDRESS
       ADDRESS

*The Court authorized this Notice of Collective Action Settlement and Settlement Award Check*
*This is not a solicitation. This is not a lawsuit against you, and you are not being sued.*

### PLEASE READ THIS NOTICE CAREFULLY.

| 1. | Why Should You Read This Notice? |
|---|---|

### Your Settlement Award Check is Enclosed. This Notice Explains Your Rights.

You are receiving this Notice of Collective Action and Settlement Award Check because records show you were a delivery driver or courier operating vehicles weighing less than 10,000 pounds and were paid by Vans Express, Inc. ("Vans") to deliver packages pursuant to Vans' agreement with DHL Express (USA) Inc. d.b.a. DHL Express ("DHL") in the United States between September 2, 2018 and January 10, 2022 ("Settlement Collective Member").

The Parties to the lawsuit agreed to a binding settlement of this action, which alleges that the Settlement Collective Members should have been paid for all hours worked, including overtime compensation when they worked more than forty (40) hours per week. On [DATE], 2022, the Court approved the settlement as fair and reasonable.

| 2. | What is this Lawsuit About? |
|---|---|

This lawsuit claims that individuals who work or have worked as hourly delivery drivers for Defendants were not paid for all hours worked, including overtime compensation to which they were entitled under the law. Defendants deny the allegations in this lawsuit and that they

misclassified any Settlement Collective Members, deny any liability for the alleged failure to pay overtime compensation, and DHL denies that it is or was the employer or joint employer of any of the Settlement Collective Members.

| 2. | How Was My Settlement Award Calculated? |
|---|---|

Vans has agreed to pay Six Hundred and Fifty Thousand Dollars and Zero Cents ($650,000.00) to settle this Lawsuit. Deductions from this amount will be made for attorneys' fees and costs for Plaintiff's Counsel (see below), settlement administration costs not to exceed $10,000, and a service award in the amount of $7,500 to Named Plaintiff Patricia Reitzi for her service to the Settlement Collective and for her broader release of claims in the Lawsuit. The remaining amount will be divided among Settlement Collective Members.

Your Settlement Award was calculated based on the records supplied by Vans. Specifically, the settlement payments were calculated as follows:

[INSERT FINAL FORMULA]

Fifty percent (50%) of your payment represents back wages, and 50% represents liquidated damages. The Settlement Administrator will issue you an IRS Form W-2 for 50% of this payment and an IRS Form 1099 for the other 50% of this payment. Neither the Settlement Administrator nor the Parties can provide you with any tax advice. You should contact your accountant or tax related advisors for any questions about taxes you may owe on these amounts.

**Your Settlement Award check is enclosed. Please note that your check is valid and negotiable for 180 days and will automatically expire on [DATE]. Therefore, please remember to cash or deposit your check AS SOON AS POSSIBLE.** After this expiration date, any uncashed remaining monies will be paid back to Vans in recognition of the fact that those individuals who do not cash their settlement checks do not release any claims against Defendants.

| 2. | What Do I Need to Do Now? |
|---|---|

Defendants and Plaintiff encourage you to cash your Settlement Award check. Your decision as to whether or not to participate in this Lawsuit will in no way impact your work or employment with Vans or future work or employment with Vans.

By depositing or cashing your Settlement Award check, you release Defendants. their parent companies, subsidiaries, affiliates, business units, members, shareholders; and their predecessors and successors, officers, directors, agents, employees, and assigns ("Released Parties") of all Fair Labor Standards Act ("FLSA") claims (and related wage claims) that accrued while working for Vans at any time between September 2, 2018 to January 10, 2022, including, without limitations, all FLSA claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses ("Released Claims").

The Released Claims will be effective upon signing, cashing, or depositing your Settlement Award check. To the fullest extent allowed by law, by depositing or cashing your Settlement Award check, you are prohibited from asserting any Released Claims, and from commencing, joining in,

prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against the Released Parties based on the Released Claims.

If you do not deposit or cash your Settlement Award check, you will not release any claims against Defendants or the Released Parties.

Defendants agree that this Settlement Agreement may not be used to assert collateral estoppel, *res judicata*, waiver, or any other claim preclusion of FLSA claims with respect to individuals who did not specifically release those FLSA claims; however, Defendants do not waive the right to assert other defenses to those claims regarding timeliness, scope, and/or applicability of exemptions.

| **4.** | **Who Are The Attorneys Representing Plaintiff And The Settlement Collective?** |
|---|---|

Plaintiff and the Settlement Collective are represented by the following attorneys:

Camille Fundora Rodriguez
Alexandra K. Piazza
Reginald Streater
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
rstreater@bm.net
Telephone: (215) 875-3033
Website: www.bergermontague.com

| **5.** | **How Will the Attorneys for the Settlement Collective Be Paid?** |
|---|---|

Plaintiff's Counsel will be paid from the gross settlement amount of $650,000.00. You do not have to pay the attorneys who represent the Settlement Collective. The Settlement Agreement provides that Plaintiff's Counsel will receive attorneys' fees of up to one-third (1/3) of the gross settlement amount ($216,666.67) plus their out-of-pocket costs, which are presently $_____. These amounts have been approved by the Court.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PATRICIA REITZI, individually and on behalf of all persons similarly situated,** | Civil Action No. 1:21-cv-01514-CCC |
| **Plaintiff,** | |
| **v.** | |
| **VANS EXPRESS, INC. and DHL EXPRESS (USA) INC. d.b.a. DHL EXPRESS,** | |
| **Defendants.** | |

**REMINDER: 90 DAYS UNTIL SETTLEMENT AWARD
CHECK CASHING DEADLINE**

TO:   [Name]
      [Address]
      [Address]
      [Last Four Digits of Social Security No.]

We are writing on behalf of the Court-appointed Settlement Administrator in *Reitzi v. Vans Express, Inc. and DHL Express (USA) Inc. d/b/a DHL Express* No. 1:21-cv-01514 (M.D. Pa.). We were appointed by the Court to administer the collective action settlement for unpaid overtime compensation on behalf of the Settlement Collective.

On DATE, we sent you a Settlement Award Check in the above-captioned case. Our records indicate that you have not yet cashed or deposited that check.

**This Reminder Notice is to inform you that your Settlement Award Check will automatically expire on _____, 2022. Thus, please cash or deposit your check AS SOON AS POSSIBLE.**

If you are unable to locate your Settlement Check, need a replacement check, or have other questions, please contact the Settlement Administrator by using the contact information below, or contact Plaintiff's Counsel, Berger Montague PC, at 215-875-3033 or by email at rstreater@bm.net. Thank you.

[INSERT SETTLEMENT ADMINISTRATOR NAME, ADDRESS, TELEPHONE, EMAIL]

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICIA REITZI, individually and on behalf of all persons similarly situated,** | : | **Civil Action No.: 1:21-cv-01514-CCC** |
| | : | |
| **Plaintiff,** | : | **Judge Christopher C. Connor** |
| | : | |
| **v.** | : | |
| | : | |
| **VANS EXPRESS, INC., and DHL EXPRESS (USA) INC. d.b.a. DHL EXPRESS,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

<u>**ADDENDUM TO SETTLEMENT AGREEMENT**</u>

Plaintiff Patricia Reitzi ("Named Plaintiff"), on behalf of herself and the Settlement Collective Members, and Defendants Vans Express, Inc. ("Vans") and DHL Express (USA), Inc. d.b.a. DHL Express ("DHL") (collectively, "Defendants") hereby enter into this Addendum to the Settlement Agreement, which modifies the binding settlement of the collective action lawsuit captioned *Reitzi v. Vans Express, Inc., et al.*, No. 1:21-cv-01514-CCC (M.D. Pa.), that the parties entered into and submitted to the Court on March 24, 2022 at Docket Number 37-2 (the "Settlement Agreement," "Settlement" or "Agreement"), and according to the dictates of the Court's April 19, 2022 Order at Docket Number 39.

The Parties make the following amendments to the Settlement Agreement:

A.   Paragraph 10(s), titled "Reitzi Released Claims" is deleted and shall be of no force and effect. Upon approval by the Court, the Named Plaintiff shall be bound by the release provisions in Paragraph 10(r), titled "Settlement Collective Released Claims" as the Named Plaintiff is explicitly included in the definition of Settlement Collective Member provided for in Paragraph 10(q).

B.   Paragraph 10(f) is modified to read as follows: "Gross Settlement Amount" means the sum of Six Hundred and Forty-Five Thousand Dollars and Zero Cents ($645,000.00), which shall be the maximum amount Vans shall pay to settle this Action as set forth herein. The Gross Settlement Amount is exclusive of Defendants' attorneys' fees and costs and Vans' share of any payroll taxes attributable to the Settlement Awards.

C.   Paragraph 10(h) is modified to read as follows: "'Net Settlement Amount' means the Gross Settlement Amount less: (i) Two Thousand Five Hundred Dollars

($2,500) to Plaintiff Reitzi for her efforts in bringing and prosecuting this matter ("Service Award"); (ii) settlement administration costs not to exceed $10,000; and (iii) Plaintiff's Counsel's attorneys' fees in the amount of $216,666.67 of the Gross Settlement Amount, plus Plaintiff's Counsel's out-of-pocket costs that are currently estimated to be $5,270.76, and which are not expected to exceed $7,500.00 following settlement administration. All of these amounts are subject to Court approval."

D.   Paragraph 17 is modified to read as follows: "Subject to the Court's Approval Order, Plaintiff shall receive a Service Award of $2,500 for her efforts in bringing and prosecuting this matter and shall be issued a Form 1099 for this payment, which shall be made by the Settlement Administrator within ten (10) business days after receipt of the Gross Settlement Amount."

E.   Paragraph 18 is modified to read as follows: "Subject to the Court's Approval Order, Plaintiff's Counsel shall receive attorneys' fees of $216,666.67, in compensation for all work performed to date as well as all work remaining to be performed in the Action, including but not limited to documenting the Settlement, ensuring it is fairly administered and implemented, and obtaining final dismissal of the Action. In addition, Plaintiff's Counsel shall receive reimbursement of their out-of-pocket costs approved by the Court's Approval Order. The substance of Plaintiff's Counsel's request for attorneys' fees and costs is considered separately from the Court's consideration of fairness and reasonableness of the settlement of the Action, and the outcome of any decision the Court makes as to Plaintiffs' Counsel's request for attorneys' fees and costs shall not terminate this Settlement Agreement but shall in no instance impact the total amount of the Gross Settlement Amount. Defendants agree not to oppose Plaintiffs' Counsel's request for attorneys' fees and costs. These payments of attorneys' fees and costs shall be made by the Settlement Administrator within ten (10) business days after receipt of the Gross Settlement Amount if the Court has approved Plaintiff's Counsel's attorneys' fees and costs request by that date. If the Court has not approved Plaintiff's Counsel's attorneys' fees and costs request by that date, any award of costs and fees shall be paid within ten (10) days of the Court's entry of an award for Plaintiff's Counsel's attorneys' fees and costs.

F.   The Notice of Collective Action Settlement and Settlement Award Check in Exhibit A shall be replaced by Exhibit A.1 (attached hereto), which reflects the modifications made and agreed to in this Addendum.

The Addendum to the Settlement Agreement may be executed in counterparts, and when each designated signatory has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, the Settlement Agreement and this Addendum to the Settlement Agreement together shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

2

WHEREFORE, the Parties have read all of the foregoing, understand the same, and agree to all of the provisions contained herein.

**PLAINTIFF:** _____   Date: _5/17/2022_
Patricia Reitzi

**APPROVED AS TO FORM BY PLAINTIFF'S COUNSEL:**

_____   Date: _5/17/2022_
Camille Fundora Rodriguez
Alexandra K. Piazza
Reginald Streater
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

**DEFENDANT:** _____   Date: _____
Vans Express, Inc.

**APPROVED AS TO FORM BY VANS' COUNSEL:**

_____   Date: _____
Cathryn R. Ensign
Keith L. Pryatel
HANELINE PRYATEL LAW
5611 Boston Mills Road, Suite 700
Hudson, Ohio 44236

3

DocuSign Envelope ID: 3791DFC1-B244-45CB-AF3A-FB0885EA754A

WHEREFORE, the Parties have read all of the foregoing, understand the same, and agree to all of the provisions contained herein.

PLAINTIFF: _____   Date: 5/17/2022
Patricia Reitzi

## APPROVED AS TO FORM BY PLAINTIFF'S COUNSEL:

_____   Date: 5/17/2022
Camille Fundora Rodriguez
Alexandra K. Piazza
Reginald Streater
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

DEFENDANT: _____   Date: 6-7-22
Vans Express, Inc.

## APPROVED AS TO FORM BY VANS' COUNSEL:

_____   Date: 6/7/2022
Cathryn R. Ensign
Keith L. Pryatel
HANELINE PRYATEL LAW
5611 Boston Mills Road, Suite 700
Hudson, Ohio 44236

3

**DEFENDANT:** Erin S. Goldstein                    Date: 5/26/2022
        DHL Express (USA) Inc. d.b.a. DHL Express

**APPROVED AS TO FORM BY DHL'S COUNSEL:**

_Linda C. Schoonmaker_                    Date: May 19, 2022

Linda C. Schoonmaker
SEYFARTH SHAW, LLP
700 Milam Street, Suite 1400
Houston, Texas 77002

4

# <u>EXHIBIT A.1</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICIA REITZI, individually and on behalf of all persons similarly situated, | Civil Action No. 1:21-cv-01514-CCC |
| **Plaintiff,** | |
| v. | |
| VANS EXPRESS, INC. and DHL EXPRESS (USA) INC. d.b.a. DHL EXPRESS, | |
| **Defendants.** | |

<u>**NOTICE OF COLLECTIVE ACTION AND SETTLEMENT AWARD CHECK**</u>

TO:   NAME
ADDRESS
ADDRESS

*The Court authorized this Notice of Collective Action Settlement and Settlement Award Check*
*This is not a solicitation. This is not a lawsuit against you, and you are not being sued.*

**PLEASE READ THIS NOTICE CAREFULLY.**

| **1.** | **Why Should You Read This Notice?** |
|---|---|

<u>**Your Settlement Award Check is Enclosed. This Notice Explains Your Rights.**</u>

You are receiving this Notice of Collective Action and Settlement Award Check because records show you were a delivery driver or courier operating vehicles weighing less than 10,000 pounds and were paid by Vans Express, Inc. ("Vans") to deliver packages pursuant to Vans' agreement with DHL Express (USA) Inc. d.b.a. DHL Express ("DHL") in the United States between September 2, 2018 and January 10, 2022 ("Settlement Collective Member").

The Parties to the lawsuit agreed to a binding settlement of this action, which alleges that the Settlement Collective Members should have been paid for all hours worked, including overtime compensation when they worked more than forty (40) hours per week. On [DATE], 2022, the Court approved the settlement as fair and reasonable.

| **2.** | **What is this Lawsuit About?** |
|---|---|

This lawsuit claims that individuals who work or have worked as hourly delivery drivers for Defendants were not paid for all hours worked, including overtime compensation to which they were entitled under the law. Defendants deny the allegations in this lawsuit and that they

misclassified any Settlement Collective Members, deny any liability for the alleged failure to pay overtime compensation, and DHL denies that it is or was the employer or joint employer of any of the Settlement Collective Members.

| 3. | How Was My Settlement Award Calculated? |
|---|---|

Vans has agreed to pay Six Hundred and Forty-Five Thousand Dollars and Zero Cents ($645,000.00) to settle this Lawsuit. Deductions from this amount will be made for attorneys' fees and costs for Plaintiff's Counsel (see below), settlement administration costs not to exceed $10,000, and a service award in the amount of $2,500 to Named Plaintiff Patricia Reitzi for her service to the Settlement Collective. The remaining amount will be divided among Settlement Collective Members.

Your Settlement Award was calculated based on the records supplied by Vans. Specifically, the settlement payments were calculated as follows:

[INSERT FINAL FORMULA]

Fifty percent (50%) of your payment represents back wages, and 50% represents liquidated damages. The Settlement Administrator will issue you an IRS Form W-2 for 50% of this payment and an IRS Form 1099 for the other 50% of this payment. Neither the Settlement Administrator nor the Parties can provide you with any tax advice. You should contact your accountant or tax related advisors for any questions about taxes you may owe on these amounts.

**Your Settlement Award check is enclosed. Please note that your check is valid and negotiable for 180 days and will automatically expire on [DATE]. Therefore, please remember to cash or deposit your check AS SOON AS POSSIBLE.** After this expiration date, any uncashed remaining monies will be paid back to Vans in recognition of the fact that those individuals who do not cash their settlement checks do not release any claims against Defendants.

| 4. | What Do I Need to Do Now? |
|---|---|

Defendants and Plaintiff encourage you to cash your Settlement Award check. Your decision as to whether or not to participate in this Lawsuit will in no way impact your work or employment with Vans or future work or employment with Vans.

By depositing or cashing your Settlement Award check, you release Defendants. their parent companies, subsidiaries, affiliates, business units, members, shareholders; and their predecessors and successors, officers, directors, agents, employees, and assigns ("Released Parties") of all Fair Labor Standards Act ("FLSA") claims (and related wage claims) that accrued while working for Vans at any time between September 2, 2018 to January 10, 2022, including, without limitations, all FLSA claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses ("Released Claims").

The Released Claims will be effective upon signing, cashing, or depositing your Settlement Award check. To the fullest extent allowed by law, by depositing or cashing your Settlement Award check, you are prohibited from asserting any Released Claims, and from commencing, joining in,

prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against the Released Parties based on the Released Claims.

If you do not deposit or cash your Settlement Award check, you will not release any claims against Defendants or the Released Parties.

Defendants agree that this Settlement Agreement may not be used to assert collateral estoppel, *res judicata*, waiver, or any other claim preclusion of FLSA claims with respect to individuals who did not specifically release those FLSA claims; however, Defendants do not waive the right to assert other defenses to those claims regarding timeliness, scope, and/or applicability of exemptions.

| **5.** | **Who Are The Attorneys Representing Plaintiff And The Settlement Collective?** |

Plaintiff and the Settlement Collective are represented by the following attorneys:

Camille Fundora Rodriguez
Alexandra K. Piazza
Reginald Streater
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
rstreater@bm.net
Telephone: (215) 875-3033
Website: www.bergermontague.com

| **6.** | **How Will the Attorneys for the Settlement Collective Be Paid?** |

Plaintiff's Counsel will be paid from the gross settlement amount of $645,000.00. You do not have to pay the attorneys who represent the Settlement Collective. The Settlement Agreement provides that Plaintiff's Counsel will receive attorneys' fees of up to $216,666.67 plus their out-of-pocket costs, which are presently $_____. These amounts have been approved by the Court.